## McCabe v. Franks.

1. **Partnership**: SETTLEMENT OF: EVIDENCE. In the settlement of a partnership account, where each partner claims a balance due him from the firm which is denied by the other, the party seeking to establish the claim has the burden of proof, in the absence of entries of account made at the time of the alleged transaction.

2. ———: ———: ———. Facts considered which were held conclusive in the adjustment of a disputed account between partners.

*Appeal from Jones District Court.*

WEDNESDAY, OCTOBER 4.

ACTION in equity to settle a partnership. There was a reference, and upon the coming in of the referee's report the same was confirmed, and plaintiff appeals.

*Milton Remley*, for appellant.

*Sheean & McCarn, E. Keeler, S. T. Pierce,* and *F. J. Nye,* for appellee.

SEEVERS, CH. J.—The plaintiff and defendant formed a partnership for the purpose of purchasing hogs and shipping the same to a market. The terms and conditions of the partnership were not reduced to writing, but there is no particular disagreement in reference thereto. Each partner purchased hogs, paid therefor and received the proceeds of the sales. The accounts were kept by each in separate pass books, and there does not seem to have been any settlement or adjustment or even an attempt in that direction until after the dissolution of the firm. These pass books are not in evidence, and it is testified to by the plaintiff at least, that leaves are torn out of his, and he did not have it present when his deposition was taken. The amount of money paid out for hogs was not less than sixteen nor over twenty thousand dollars. The partnership began in October and ended in December, 1872. The natural consequence of thus keeping the accounts is that great confusion exists, and each party testifies directly

contrary to the other, and in most instances there are no cor-roborating circumstances. The plaintiff claims that he put some six hundred dollars into the firm, the defendant admits he put nothing except his name or credit. The plaintiff bor-rowed near four hundred dollars of one Alexander, which he claims was a part of the money put into the firm, and in con-sideration thereof it was agreed that Alexander should receive one-half of the profits received by the plaintiff. Neither the plaintiff or the defendant were book-keepers, both in fact being comparatively illiterate. Alexander kept a partial account; it consisted, however, only of such items as plaintiff furnished him, and it is by no means clear the entries were made at the time of the several occurrences. There is no proof tending to show that plaintiff ever saw this book until after the dissolution; it, therefore, cannot be held to be a partnership book and entitled to weight as such, and it can have no weight as evidence, except as the parties have admitted its correctness or it is corroborated by other and independent testimony. It is a subject of remark that no mention is made in this book of money being advanced by plaintiff to the firm. There is no evidence other than that of the plaintiff as to the amount he did put into the firm, but we think the de-fendant has substantially admitted, or at least does not deny, that plaintiff did contribute for that purpose three hundred dollars. We incline to think ourselves justified in holding that he did so to that extent, but we do not see how we can go further than that. The burden is on the plaintiff, and we cannot say the preponderance is in his favor. The plaintiff claims that he paid large amounts of money to defendant; this is denied; and defendant claims to have paid out money, and this is denied by the plaintiff, and we are unable to see that either is materially corroborated in many respects. Un-der such circumstances he upon whom the burden rests must fail in establishing such disputed items.

In December, 1872, and within a few days after the dissolu-tion, the plaintiff proposed there should be a settlement, and as neither of them understood accounts very well, he proposed to go before Mr. Benton, a lumber merchant, and

get him to state the account; to this defendant agreed. Mr. Benton states that he spent near eight hours in the attempt to make a satisfactory settlement; that both parties had their books and made their respective statements; and that there was no dispute except as to an item brought into the account by plaintiff, for exchange. Mr. Benton struck the balance, and found defendant had in his hands of money belonging to the firm the sum of $530.16, but it was agreed the firm owed in Chicago $100.00, and $1,419.46 for hogs purchased at Fremont, which it was agreed defendant should pay out of the funds in his hands, so far as it would go. We are disposed to rely on this testimony. This attempt at a settlement was made in a few days after the dissolution, before bad blood had been engendered between the parties, and when their recollection was fresh and they had all their books present. Besides this, we do not understand either party, in their testimony, to deny the essential particulars testified to by Mr. Benton, who attaches to his evidence the papers upon which he did his figuring, which tend strongly to confirm the truth of his statement. At that time defendant admitted if he got certain drawbacks from the railroad company, that plaintiff should have the benefit thereof; and as he did receive $317.00, he must be charged therewith. The account may then be stated thus:

| | | |
|---|---:|---:|
| Amount due by the firm at Chicago and for Fremont hogs..................... | | $1,519.46 |
| Money in defendant's hands belonging to the firm.........................$530.16 | | |
| Drawbacks ............. ............... 317.00— | | 847.16 |
| | | |
| Amount of money lost by firm........ | | $ 672.30 |
| Over and above capital contributed by plaintiff, one-half of which is......... | | 336.15 |
| Amount of capital contributed by plaintiff.. | | 300.00 |
| | | $ 36.15 |

Amount for which defendant is entitled to judgment against the plaintiff, with interest thereon, from December 16th, 1872, at six per cent.

McCabe v. Franks.

It is true that, after the transaction about which Mr Benton testifies, another attempt at a settlement was made in the presence of Mr. Wherry, but his testimony is not near so satisfactory as Mr. Benton's, through, however, no fault of his. He testifies that plaintiff went over his charges and credits in his books, and that defendant substantially agreed thereto; but when the defendant stated his claims, the plaintiff disputed the first item, and thereupon all efforts to settle ceased.

The plaintiff's theory of there being anything due him, over and above the three hundred dollars, rests on the claim made by him that the firm did not lose money. The testimony outside of the evidence of the parties, and consisting of their declarations long previous to any difficulty, satisfies us that the firm did lose money, and this fact tends strongly to strengthen the evidence of Mr. Benton. We well know it is difficult to make a satisfactory, even to ourselves, discussion of matters of fact in the limited space that can be consistently devoted thereto, and feeling that too much space has now been occupied, we content ourselves with stating the result.

The judgment of the District Court will be modified, in accordance with this opinion, and affirmed. The defendant can have a decree in this court, if he so elects, otherwise the cause will be remanded to the court below, with directions to enter a decree in accordance herewith. The defendant must pay the costs of the appeal.

MODIFIED AND AFFIRMED.